UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELIZABETH L. NEUMANN,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. 3:13-cv-5723-RBL-KLS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED: July 18, 2014 |

Plaintiff has brought this matter for judicial review of the Commissioner's denial of her application for disability insurance benefits ("DIB"). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Sec'y of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, the Commissioner's decision to deny benefits should be reversed and that this matter should be remanded for further administrative proceedings.[1]

//

//

//

---

[1] After the close of briefing, Plaintiff filed a motion requesting a sentence-six remand in light of new evidence, in the alternative to the sentence-four remand previously requested. ECF # 27. Because, for the reasons explained *infra*, the undersigned recommends remanding this case for additional proceedings, Plaintiff's motion (ECF # 27) is DENIED as MOOT.

ORDER - 1

FACTUAL AND PROCEDURAL HISTORY

On June 11, 2010, Plaintiff filed a DIB application, alleging disability as of March 15, 2009,[2] due to obesity, fibromyalgia, bipolar disorder, degenerative back disease, and post-traumatic stress disorder ("PTSD"). See Administrative Record ("AR") 239-40, 264, 319.  Her application was denied upon initial administrative review and on reconsideration. See AR 137-42, 144-45.  A hearing was held before an administrative law judge ("ALJ") on February 27, 2012, at which Plaintiff, represented by counsel, appeared and testified, as did a vocational expert.  See AR 48-98.

On April 26, 2012, the ALJ issued a decision finding Plaintiff not disabled. See AR 24-49.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 1, 2013, making the ALJ's decision the Commissioner's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On August 22, 2013, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF ## 1, 3.  The administrative record was filed with the Court on December 16, 2013. See ECF ## 17-18.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for payment of benefits, or additional proceedings in the alternative, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; and (3) in rejecting the lay witness evidence in the record.  The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

---

[2] At the administrative hearing, Plaintiff amended her alleged onset date to April 11, 2009.  AR 55.

ORDER - 2

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.").

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [3]

---

[3] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

ORDER - 3

I.      The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff challenges the ALJ's assessment of the opinion (AR 554-59) of examining psychologist Kathleen Mayers, Ph.D.  The ALJ summarized Dr. Mayers' opinion and afforded it great weight, but Plaintiff alleges that the ALJ failed to account for all aspects of Dr. Mayers' opinion.

A.      *Legal Standards*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson, 359 F.3d at 1195; see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining

Sorenson, 514 F.2d at 1119 n.10.
ORDER - 4

physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

B.   *Dr. Mayers' Opinion*

Dr. Mayers performed a psychological evaluation in September 2010, and diagnosed Plaintiff with bipolar disorder, PTSD, probable generalized anxiety disorder, and polysubstance abuse dependence by history.[4] AR 558. She summarized her findings as follows:

> The claimant is a 47-year-old female who alleges physical problems, bipolar disorder, PTSD, and an anxiety disorder. [Mental status examination] indicates that she is capable of understanding, remembering and carrying out three-stage instructions as well as detailed tasks. She is able to socialize with others and would usually be able to interact with others in the workplace, but she tends to have angry outbursts when she is manic, and she reported that these outbursts have resulted in her being fired from almost every job she has had. Her memory was good for the tasks presented. Her fund of information was fairly good. Her concentration was good for the three-stage directions, but her spelling and math are below average. Her abstract thinking was fair to poor; she tended to provide brief, imprecise explanations for proverbs. Her comprehension, judgment and reasoning were fair to poor. She could usually maintain attention and concentration through a normal eight-hour workday, and she worked until July 2010, although manic episodes will probably interfere. She would be able to tolerate changes in a competitive work setting. She is probably usually able to manage her own funds. She has fair math skills. However, her problems with judgment and her manic episodes are likely to interfere.

AR 558-59. The ALJ summarized Dr. Mayers' findings "in terms of limitations" as follows:

> . . . Dr. Mayers found that the claimant could understand, remember, and carry out three-stage instructions [as] well as detailed tasks; she would be able to interact with others in the workplace ([AR 558]). Great weight is given to this opinion, because it is supported by Dr. Mayers's findings and generally consistent with the

---

[4] Plaintiff argues that the ALJ erred in failing to include generalized anxiety disorder as a severe impairment at step two. ECF # 21, p. 5. This diagnosis was only listed as "probable" by Dr. Mayers, however, and this equivocality was noted by the ALJ. AR 36, 558. Given that Dr. Mayers' anxiety disorder diagnosis was not firm, the ALJ did not err in failing to include it at step two. See, e.g., Duff v. Barnhart, 121 Fed. Appx. 697, 699 (9th Cir. Jan. 7, 2005) (holding that an ALJ erred when failing to address a psychologist's final "established diagnosis" that replaced earlier uncertain diagnoses). To the extent that Plaintiff also references other related diagnoses in an attempt to bolster Dr. Mayers' probable diagnosis, she has nonetheless failed to identify any limitations that the ALJ failed to account for, and thus has not alleged a harmful error. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (finding that an ALJ's failure to list impairment as severe at step two is harmless where the ALJ considered related limitations at step four).

ORDER - 5

    overall record.

AR 36. Plaintiff contends that the ALJ erred in ignoring Dr. Mayers' findings that "a threat of manic episodes, angry outbursts and weak judgment" would likely interfere with her ability to maintain employment. ECF # 21, p. 5.

    In comparing Dr. Mayers' opinion with the ALJ's summary and RFC assessment, Plaintiff has not identified an inconsistency as to social limitations. Dr. Mayers stated that Plaintiff was capable of socializing with others and could "usually" interact with others in the workplace, and the ALJ limited Plaintiff to only occasional interaction with co-workers, supervisors, and the general public. Compare AR 559 with AR 29.

    But the ALJ did not mention nor accommodate Dr. Mayers' opinion regarding likely deficits in attention, concentration, and judgment resulting from Plaintiff's manic episodes. AR 559. The Commissioner does not address these aspects of Dr. Mayers' opinion in her briefing. ECF # 25, p. 10 (addressing only Dr. Mayers' opinions regarding social limitations). Because the ALJ did not provide any reason to discount this portion of Dr. Mayers' opinion, and because his RFC assessment does not account for the likely interference noted by Dr. Mayers, the ALJ's error is harmful.

    On remand, the ALJ shall reconsider Dr. Mayers' opinion as to the attention, concentration, and judgment "interference" likely to be caused by Plaintiff's manic episodes. Because Dr. Mayers' opinion does not identify a particular degree of limitation as to the interference likely to be caused, it is not clear that even if Dr. Mayers' opinion were credited, a finding of disability would necessarily follow, and thus additional proceedings would serve a useful purpose. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996); Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).

ORDER - 6

II.     The ALJ's Assessment of Plaintiff's Credibility

Plaintiff contends that the ALJ's reasons for discounting her credibility were not legally sufficient, although she admits that the record contains evidence of her inconsistent statements. ECF # 21, p. 11.  She does not address the vast majority of the ALJ's analysis, but contends that because her providers believed her allegations, the ALJ's doubt was improper.  Id.

A.      *Legal Standards*

Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  The Court should not "second-guess" this credibility determination.  Allen, 749 F.2d at 580.  In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence.  See id. at 579.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan , 242 F.3d at 1148.

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester, 81 F.3d at 834 (citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.  The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen, 80 F.3d at 1284.  The

ORDER - 7

ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

B.   *The ALJ's Adverse Credibility Determination*

Plaintiff's attempt to challenge the ALJ's adverse credibility determination fails to engage with the bulk of the ALJ's reasoning, and is therefore ineffective.  Plaintiff does not challenge the ALJ's findings regarding, for example, inconsistent medical evidence and limited treatment, and, as noted above, she admits that the record contains inconsistent statements.  AR 30-34.  These unchallenged or conceded reasons are appropriate grounds to discredit a claimant, and therefore the ALJ's adverse credibility determination should be affirmed.

To the extent Plaintiff argues that the ALJ erred in failing to assess the credibility of an individual allegation (ECF # 26, p. 10), rather than her overall credibility, Plaintiff is mistaken.  An ALJ's credibility analysis assesses the credibility of a claimant, though that analysis often implicates individual statements.  See, e.g., Smolen, 80 F.3d at 1284 (discussing factors, including a claimant's reputation for lying, that bear on an evaluation of a claimant's credibility).

III.   The ALJ's Evaluation of the Lay Witness Evidence in the Record

Plaintiff challenges the ALJ's assessment of statements provided by treating therapist Kelley Woody, C.D.P., as well as her husband, Gerald Neumann, and her friend, Regina Mosby.  AR 274-81, 354-61, 384.  The ALJ addressed each disputed statement and stated why he discounted them.  AR 35, 37.

A.   *Legal Standards*

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir.

ORDER - 8

2001).  In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision.  Id. at 512.  The ALJ also may "draw inferences logically flowing from the evidence."  Sample, 694 F.2d at 642.

  B. *Ms. Woody's Statement*

Ms. Woody began counseling Plaintiff in April 2009, and wrote a letter in January 2012 describing her diagnoses and opinions regarding Plaintiff's ability to work.  AR 384.  The ALJ found that Ms. Woody's opinions were inconsistent with her treatment notes and with other evidence of record, specifically evidence of Plaintiff's improvement with medication.  AR 37.  Plaintiff argues that these reasons are not germane because Ms. Woody's treatment notes do not indicate "uniform improvement," and "the Olympian view offered by M[s]. Woody in [her] summary constituted good evidence based on repeated firsthand visits in a longitudinal effort to cure."  ECF # 21, p. 9.

Plaintiff's arguments are unavailing.  Ms. Woody's treatment notes consist of summaries of Plaintiff's self-report, and do not contain clinical observations to support the opinions stated in her summary letter.  AR 846-53.  The ALJ properly discounted Ms. Woody's statement as inconsistent with her treatment notes.  Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

  C. *Statements from Mr. Neumann and Ms. Mosby*

Plaintiff's husband and friend completed form statements describing Plaintiff's activities and limitations.  AR 274-81, 354-61.  The ALJ discounted these statements as inconsistent with

ORDER - 9

the evidence that Plaintiff's symptoms improved with medication and that she was able to engage in occasional social interaction outside her home. AR 35. Plaintiff argues that because Mr. Neumann's and Ms. Mosby's statements contain independent observations, and are consistent with each other's statements and other medical statements, they should have been credited. ECF # 21, p. 11. Plaintiff's arguments fail to address why or how the ALJ's analysis was erroneous, however. The ALJ cited evidence that Plaintiff's symptoms improved with treatment and that her social interaction was not as limited as alleged. AR 35 (citing AR 524-46, 725-40). Plaintiff has not established or even argued that these reasons are not supported by substantial evidence, or otherwise shown that the ALJ's reasoning is not germane. Plaintiff's offering her own interpretation of the lay statements does not establish error in the ALJ's analysis, and thus the ALJ's assessment should be affirmed.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded Plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to the Commissioner for further administrative proceedings in accordance with the findings contained herein.

In addition, the undersigned recommends the Court deny the Plaintiff's Motion to Supplement the Record (Dkt. 27) as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

ORDER - 10

is directed set this matter for consideration on **July 18, 2014**, as noted in the caption.

DATED this 27th day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11